WETMORE TOWNSHIP V. B. F. CHAMBERLAIN.

No. 12,079.  (67 Pac. 845.)

SYLLABUS BY THE COURT.

TOWNSHIPS —*Injuries from Defective Highway—Insufficient Precautions—Contributory Negligence.*  Township authorities were engaged in substituting a new bridge for an old one.  While the bridge was out, a traveler who had no knowledge of the defect in the highway drove into the opening in the dusk of the evening and was injured.  Warnings that the bridge was out had been placed at two points in the highway near the bridge, but they were insufficient to attract the attention of the traveler.  A temporary barrier which had been placed at the end of the bridge had also been removed without the consent of the township authorities.  Like barriers had been previously removed by persons other than the township authorities.  *Held,* in an action to recover damages for the injuries sustained, that as the warnings were of such a character as easily to escape the attention of travelers, and as the barrier had been previously removed, the question whether they were sufficient for the intended purpose was properly submitted to the jury, and that no error was committed by the court in refusing to hold as a matter of law that the plaintiff was guilty of contributory negligence.

Error from Nemaha district court; WM. I. STUART, judge.  Opinion filed February 8, 1902.  Affirmed.

*Wells & Wells,* for plaintiff in error.

*J. E. Stillwell,* and *S. K. Woodworth,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.:  B. F. Chamberlain brought this action to recover damages from Wetmore township for injuries alleged to have been sustained by reason of a defective highway.  The township authorities were replacing an old bridge with a new one, and had placed two warnings on the highway, some distance from the bridge, indicating that it was incom-

plete and unfit for use. One of the warnings was about a mile from the bridge, and consisted of a stake driven into the ground, on the top of which was a board from a foot to sixteen inches long, with the words thereon : ''Bridge out.''

The other was about a half-mile from the bridge, and was made by taking two boards from four to six feet long and six inches wide, nailing two of the ends together, and, after they were spread, driving the other ends into the ground, making a triangular barrier about three feet high. Chamberlain was driving over the highway with a team and wagon, and had no knowledge that the bridge was out. It was about dusk in the evening, and he drove past the warnings without seeing them, and, having no notice of the defect, he went down the hill and into the opening of the bridge, suffering severe injury. The men at work on the bridge had been in the habit of placing planks across the ends of the bridge when they quit work at night, but these barriers had been taken down on the night in question, as well as on previous nights, and had been used as a temporary bridge over the opening for some one to pass over.

In answer to special questions, the jury found that the warnings referred to were in place on that night, but that an ordinarily prudent man would not have seen them. They also found that the workmen had placed planks across the north end of the bridge from one railing to the other when they left off work, but that they were not so fixed as to prevent persons from driving off the bridge. They therefore found for the plaintiff and assessed the amount of his damages at $500.

Complaint is made of an instruction which reads :

''Whether the signs, signals, warnings and obstruc-

Wetmore Township v. Chamberlain.

tions·were sufficient, under the conditions, to make the plaintiff guilty of contributory negligence is a question of fact for you to determine from the evidence.''

It is argued that, under the testimony, it was a clear case of contributory negligence, and that the jury should have been so advised. While warnings of danger were set up by the township officers, they appear to have been insufficient to attract the attention of Chamberlain in the dusk of the evening, and from their character it would seem that they might easily escape the notice of an ordinarily prudent person traveling in the daytime. Chamberlain did not know of the bridge being out, and in the absence of notice had a right to assume that it was in a passable condition. The barrier of planks at the end of the bridge was removed by some one other than those acting for the township, and it is argued that, as it was removed without the consent of the township, the township cannot be held responsible for injury resulting from the removal. If the barrier had been substantial and sufficient for the purpose, and it had been removed without the knowledge of the township or reason on its part to believe that it might be removed, negligence could not be attributed to the township. However, it appears that for several nights before the one on which Chamberlain was injured this barrier had been removed, and although they had notice that it was not effectual, the officers neglected to put up a more substantial or permanent one. Whether the warnings and barriers were sufficient, was a matter for the determination of the jury; and for like reasons contributory negligence was a question for the jury under the instructions of the court. Under the testimony, a withdrawal of the case from the jury or an instruction in favor of the defendant would have been gross error.

If it appeared from undisputed facts that the injury was due to the fault of the plaintiff, or if that had been the only inference which could have been drawn from the testimony, the matter might have been treated as a question of law for the court. How the plaintiff could be regarded as remiss in duty when he had no knowledge of the danger to which he was exposed is not easily understood. The danger was not so patent nor the warning so obvious that knowledge must be presumed.

Indeed, we think the testimony was not only sufficient to take the case to the jury, but that it abundantly sustained the verdict.

The judgment of the district court will be affirmed.

CUNNINGHAM, GREENE, ELLIS, JJ., concurring.